UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

COMERICA BANK
  Plaintiff                            Case No.

vs.                                   HON:

UNITED WHOLESALE MORTGAGE LLC
d/b/a UNITED WHOLESALE MORTGAGE;
CENLAR FSB a/k/a CENTRAL LOAN
ADMINISTRATION REPORTING;
THOMAS BRUDER;
STATE FARM GENERAL INSURANCE
COMPANY; JPMORGAN CHASE BANK,
  NATIONAL ASSOCIATION
  Defendants

---

COMPLAINT
FOR INTERPLEADER RELIEF

JURISDICTION - PARTIES - VENUE

1.    Plaintiff Comerica Bank ("Comerica") seeks interpleader relief under the
Federal Interpleader Act. 28 U.S.C. 1335, 1397, 2361. The interpleader stake
consists of $29,589.97, which represents the frozen proceeds of a disputed
check transaction (the "Fund").

2.    This district court has original jurisdiction under the Federal Interpleader
Act, 28 U.S.C. 1335 because:

     a.  The amount in controversy (*i.e.* the Fund) exceeds $500; and,

b. Minimal diversity exists among the adverse claimants within the meaning of 28 U.S.C. 1335 (*i.e.*, two or more adverse claimants to the interpleader Fund are of diverse citizenship without regard to the circumstance that other rival claimants may be co-citizens).

3. Comerica is a banking association organized under Texas law that seeks to act strictly as stakeholder in this action.

4. Defendants are the claimants or potential claimants to the Fund as follows:

a. United Wholesale Mortgage LLC d/b/a "United Wholesale Mortgage" ("UWM") – this entity is a Michigan company with its principal place of business in Oakland County (Pontiac), Michigan.

b. Cenlar FSB a/k/a "Central Loan Administration Reporting" ("Cenlar") – this entity is a federally-chartered wholesale bank that, on information and belief, may have been acting as a mortgage sub-servicer for UWM at times relevant to this action.

c. Thomas Bruder – this individual is a resident of California.

d. State Farm General Insurance Company – this entity is an insurer headquartered in Bloomington, Illinois.

e. JPMorgan Chase Bank, National Association ("Chase") – this entity is a national banking association organized and existing under federal law with its main office in Columbus, Ohio.

5.      Venue is proper in this Court because UWM, one of the payees on the

Check, is headquartered in this judicial district. *See* 28 U.S.C. 1397

6.      Each defendant is subject to service of process and personal jurisdiction in

this district by operation of 28 U.S.C. 2361.

CLAIM FOR INTERPLEADER RELIEF

7.      On July 5, 2024, State Farm drew check no. 723997317 (the "Check") on a

deposit account with Chase in the amount of $29,589.97 and made the item

payable to the order of:

> THOMAS BRUDER & UNITED WHOLESA
> LE MORTGAGE ISAOA ATIMA CO CEN
> TRAL LOAN ADMIN REPORTING
> 448 W MAPLE ST
> ONTARIO, CA 91762-5730

Exhibit 1 is an accurate copy of the Check with redactions.

8.      In order to be properly negotiated, a check with multiple payees must be

endorsed by all payees. *See* U.C.C. 3.110(d) ("If an instrument is payable to

two or more persons not alternatively, it is payable to all of them and may be

negotiated, discharged, or enforced only by all of them.").

9.      The Check was deposited *via* ATM for deposit to an account at Comerica

held by Thomas Bruder without by all payees. Only Mr. Bruder endorsed the

Check.

10.    Comerica presented the Check for payment to Chase, which in turn paid it.

11.   After the proceeds from the Check had been credited to Thomas Bruder's account, Chase made a missing endorsement warranty claim against Comerica.

12.   Thomas Bruder provided Chase with an affidavit dated September 23, 2024, asserting that he did not receive the proceeds of the Check even though the Check was deposited into Mr. Bruder's account at Comerica.

13.   Under applicable law and the authority of the deposit contract with Thomas Bruder, Comerica froze the proceeds of the Check in Thomas Brunder's account (*i.e.*, the Fund) pending a determination of the rightful owner(s) of some or all of the Fund.

14.   Comerica faces the potential for conflicting claims because the defendants have or may assert competing demands to the Fund that could result in multiple liability against Comerica. For example,

   a.   UWM and/or Cenlar may sue Comerica for U.C.C. conversion on the basis that Thomas Bruder negotiated the Check without first obtaining all endorsement(s).

   b.   Thomas Bruder may assert that the Fund belongs to solely him by virtue of his ownership interest in the account to which the Check was deposited.

   c.   Chase has already initiated its U.C.C. warranty claim on the basis that

Comerica presented and received payment on the Check for only Thomas Bruder.

d.  State Farm may assert a claim against Chase on the basis that the Check was not properly payable from State Farm's account, which in turn implicates Comerica potential liability to Chase.

15.  Comerica is unable to determine which defendant(s) is/are entitled to some or all of the Fund without the risk of multiple liability.

16.  Comerica is able to deposit the Fund with the registry of the Court.

17.  Comerica has no means to protect itself against exposure to multiple claims and liability other than this interpleader action.

18.  Comerica is a disinterested stakeholder and makes no claim to the Fund except to the extent that this Court fashions an award to reimburse Comerica for its attorney fees, expenses, and costs incurred in this action.

19.  Comerica requests to interpleader relief under the Federal Interpleader Act. 28 U.S.C. 1335.

REQUEST FOR RELIEF

Plaintiff Comerica Bank requests the following relief:

A.    That defendants be restrained from instituting any action against Comerica for recovery of the interpleader stake or any part of it, and that defendants show cause why the restraining order should not be made a preliminary injunction.

B.    That defendants be required to interplead and settle among themselves their rights to the interpleader Fund and that Comerica be discharged with prejudice from all liability to any of the defendants.

C.    That Comerica recover its costs, expenses, and reasonable attorney fees.

D.    That Comerica be dismissed with prejudice from this civil action following payment of the interpleader stake (net of Comerica's attorney fee/expense award) into the registry of the Court.

E.    Any other relief appropriate under the circumstances.

Date: February 13, 2025

/s/ David Wells
*For* Plaintiff Comerica Bank
Stancato Tragge Wells PLLC
2111 Woodward Ave – Suite 701
Detroit, MI 48201
(248) 731-4500
dwells@stwlawfirm.com
P47588

/s/ Henry Stancato
*For* Plaintiff Comerica Bank
Stancato Tragge Wells PLLC
2111 Woodward Ave – Suite 701
Detroit, MI 48201
(248) 731-4500
hstancato@stwlawfirm.com
P29538

EXHIBIT-1



Current Date: August 27, 2024

| | |
|---|---|
| Account Number: | |
| Capture Date: | August 26, 2024 |
| Item Number: | 5250140265146 |
| Posted Date: | August 26, 2024 |
| Posted Item Number: | 10151518 |
| Amount: | 29,589.97 |
| Record Type: | Credit |
| RT Number: | 87770000 |

THOMAS BRUDER
448 WEST MAPLE ST
ONTARIO CA 91762

## Electronic Deposit Image

ATM Checking Deposit - Check
Date-Time: 2024-08-24 12:52:00
ATM ID:
Transaction Sequence: 2823

$29,589.97

Comerica
Livonia MI 07 3531
>072000096<
Aug 26, 2024

Current Date: August 27, 2024



**Comerica Bank**

Account Number: ▮▮▮▮
Capture Date: August 26, 2024
Item Number: 5250140265147
Posted Date: August 26, 2024
Posted Item Number: 10151519
Amount: 29,589.97
Record Type: Transit (Not On Us)
RT Number: 044115443



STATE FARM GENERAL INSURANCE COMPANY
BAKERSFIELD CA 93311-9501

Replaces Check#:1 23 785940 J

7 23 997317
56-1544/441

JULY 05, 2024

PAY TO THE
ORDER OF:
THOMAS BRUDER & UNITED WHOLESA
LE MORTGAGE ISAOA ATIMA CO CEN
TRAL LOAN ADMIN REPORTING
448 W MAPLE ST
ONTARIO, CA 91762-5730

$ ****29589.97

************TWENTY-NINE THOUSAND*******************
**********FIVE HUNDRED EIGHTY-MNE AND 97/100 DOLLARS*********

President

Treasurer

TO JPMORGAN CHASE BANK, NA
COLUMBUS, OH

COMPANY LOGOS APPEAR ON BACK, HOLD AT 45° ANGLE FOR VIEWING

Comerica
Livonia MI 08 3531
>072000096<
Aug 26, 2024

This Notice Only Applies to Vendors and Service Providers:
By endorsing this payment for your services, you agree not to use or disclose any personal customer information received from us unless necessary for the services we requested.